MARGARET ZINCK *vs*. B. SALTZMAN.

MARCH 16, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This is an action of the case in assumpsit in which a jury in the Superior Court returned a verdict for the plaintiff. The case is before this court on plaintiff's exception to the decision of the trial justice granting defendant's motion for a new trial on the grounds that the verdict was against the law and the weight of the evidence.

It appears in the record that defendant agreed to furnish the materials and make a coat for the plaintiff for $35. Plaintiff testified that she paid $25 for a fur collar to be placed on the coat and paid defendant $6 for putting the collar on the coat. She also testified that she paid defendant $10 when she ordered the coat and the balance of $25 when she received the coat from him. Defendant testified that plaintiff only paid him $5 on account of the cost of the coat and that the fur collar she provided was worth about $5. Plaintiff refused to accept the coat because it did not fit her. The coat is now in the possession of the defendant. Upon this conflicting testimony the jury returned a verdict for the plaintiff for $55.

The trial justice granted defendant's motion for a new trial without giving any reasons for his decision. When a trial justice sets aside a verdict he ought to state the reasons for his decision so the parties interested and this court may know the grounds upon which his decision is based. In this case we must assume that the trial justice performed the duty imposed upon him by law and granted the motion because he was of the opinion that the verdict was not supported by the preponderance of the evidence. *Reddington* v. *Getchell*, 40 R. I. 463, 468; *Surmeian* v. *Simons*, 42 R. I. 334; *Bova* v. *Scorpio*, 43 R. I. 98.

This is a case where the opportunity of seeing and hearing the witnesses should be of great value to the trial justice and the jury in helping them to draw correct conclusions from the conflicting testimony. We have repeatedly held that we will not disturb the decision of the trial justice on a

motion for a new trial unless his decision clearly appears to be erroneous. We have read and considered the testimony and it does not clearly appear to us that the decision of the trial justice in granting defendant's motion for a new trial is erroneous.

Plaintiff's exception is overruled and the case is remitted to the Superior Court for a new trial.

*Peter W. McKiernan, John C. Going, Ernest L. Shein, William J. Carlos,* for plaintiff.

*Frank H. Bellin, Morris Berick,* for defendant.